```
                    United States District Court
                      District of Massachusetts
```

```
_____
                               )
EVANS J. CARTER, Individually  )
and on Behalf of Class Members )
        Plaintiffs,            )
                               )    Civil Action No.
        v.                     )    12-12182-NMG
                               )
SIRIUS XM RADIO INC.,          )
        Defendant.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In this putative class action plaintiff, on behalf of all Massachusetts-based consumers of defendant's satellite radio services, alleges that defendant committed fraud and breach of contract, <u>inter alia</u>. It did so when it purportedly promised customers the "lowest annual subscription rate" but then charged plaintiff a rate in excess of that amount. Currently pending before the Court are defendant's motion to dismiss (Docket No. 9) and motion to strike plaintiff's affidavit submitted in opposition to the same (Docket No. 12).

Defendant's motion to strike the affidavit will be allowed. With few exceptions, this Court cannot consider documents that fall outside the pleadings without converting the motion to dismiss into one for summary judgment. <u>See</u> <u>Parker</u> v. <u>Hurley</u>, 514 F.3d 87, 91 n.1 (1st Cir. 2008); <u>see also</u> Fed. R. Civ. P. 12(d).

Defendant opposes such conversion for sound and persuasive reasons and this Court declines to convert the motion here. See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) ("[C]onversion of a Rule 12(b)(6) motion into a Rule 56 motion is a matter quintessentially within the purview of the district court's sound discretion.").

Defendant's motion to dismiss will also be allowed but the Complaint will be dismissed without prejudice.  In his opposition, plaintiff sought leave to amend his pleadings if the Court determined that he has failed to state a claim.  Although this Court is disinclined to critique pleadings from any party, under the circumstances, dismissal without prejudice is warranted for the following reasons:

(1) Whether arbitration of plaintiff's claims should be compelled is an issue that, for the sake of the parties and of judicial economy, should be resolved early in the litigation.  Amendment of the complaint will permit plaintiff to add details relevant to adjudication of that issue and to resolve the apparent inconsistencies between the Complaint and plaintiff's disallowed affidavit.  It will also permit defendant to respond properly to the same and, in particular, to explain why the arbitration clause contained within the Standard Terms and Conditions was incorporated into the contract between the parties. See Soto-Fonalledas v. Ritz-Carlton San Juan Hotel Spa & Casino, 640 F.3d 471, 474 (1st Cir. 2011) (identifying four elements of relevant standard).

(2) The Complaint alleges breach of contract but fails to specify when or how the parties entered into a contract, what the terms of that contract were, and which term or terms defendant breached by its actions. See, e.g. Brooks v. AIG SunAmerica Life Assur. Co., 480 F.3d 579, 586 (1st Cir. 2007).

   (3)    The Complaint alleges fraud but fails to satisfy the applicable heightened pleading standard. See, e.g. Equip. & Sys. For Indus., Inc. v. Northmeadows Const. Co., Inc., 798 N.E.2d 571, 574 (Mass. App. Ct. 2003). In particular, plaintiff's allegations as to the "who" are inadequate. It may be that no misrepresentation claim can be based upon the alleged fraudulent assurances of an unidentified employee of defendant but, at a minimum, plaintiff must identify the date and approximate time that he spoke to the representatives who made the allegedly fraudulent statements.

### ORDER

In accordance with the foregoing,

1) defendant's motion to strike (Docket No. 12) is **ALLOWED**;

2) defendant's motion to dismiss (Docket No. 9) is **ALLOWED** and the Complaint is **dismissed without prejudice**; and

3) plaintiff shall file his amended complaint, if any, on or before Friday, October 4, 2013.

**So ordered.**

                                   /s/ Nathaniel M. Gorton
                                   Nathaniel M. Gorton
                                   United States District Judge

Dated September 4, 2013